ELLEN F. ROSENBLUM
Attorney General
STEVEN M. LIPPOLD  #903239
Chief Trial Counsel
ANDREW HALLMAN #083480
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Steve.Lippold@doj.state.or.us
        Andrew.Hallman@doj.state.or.us

Attorneys for Defendants Williams, Morrow, Nooth, and Gilmore

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIFFANY HAGEN, as Personal Representative for the ESTATE OF MICHAEL CLARENCE HAGEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAX WILLIAMS, individually; MITCH MORROW, individually; MARK NOOTH, individually; JUDY GILMORE, individually,<br><br>　　　　Defendants. | Case No.  6:14-cv-00165-MC<br><br>NOTICE OF SETTLEMENT |

　　　　Pursuant to ORS 17.095(3), Defendants notify this Court that this action has been settled pursuant to the terms of the Settlement Agreement and Release of Claims ("Agreement"), a copy of which is attached as Exhibit 1.  Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and as evidenced

Page 1 -   NOTICE OF SETTLEMENT
　　　　　SML/cjw/6319767-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

by the stipulation of the parties included in paragraph 14 of the Agreement, Plaintiff agrees to dismiss this action with prejudice.

DATED April  3 , 2015.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Andrew Hallman*
STEVEN M. LIPPOLD #903239
Senior Assistant Attorney General
ANDREW HALLMAN #083480
Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
Steve.Lippold@doj.state.or.us
Andrew.Hallman@doj.state.or.us
Of Attorneys for Defendants

Page 2 -   NOTICE OF SETTLEMENT
SML/cjw/6319767-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Settlement Agreement") is entered into this 31st day of March, 2015, by and between Tiffany Hagen, as Personal Representative for the Estate of Michael Clarence Hagen ("Plaintiff") and Max Williams, Mitch Morrow, Mark Nooth, Judy Gilmore, Oregon Department of Corrections, a State of Oregon agency, James Eastwood, Randy Gilbertson, Jose Delgado, John Gillum, Chris Vancleave, and Donald Harris ("Defendants").

## RECITALS

A.   <u>Federal Case</u>.  There is currently an action pending in the U.S. District Court for the State of Oregon, Case No. 6:14-cv-165-MC, entitled *Tiffany Hagen, as Personal Representative for the Estate of Michael Clarence Hagen v. Max Williams; Mitch Morrow; Mark Nooth; and Judy Gilmore* (the "Federal Action").

B.   <u>State Case</u>.  There is currently an action pending in the Malheur County Circuit Court, Case No. 14071028L, entitled *Tiffany Hagen, as Personal Representative for the Estate of Michael Clarence Hagen v. Oregon Department of Corrections, a state agency; James Eastwood; Randy Gilbertson; Jose Delgado; John Gillum; Chris Vancleave; and Donald Harris* (the "State Action").

C.   The Plaintiff and Defendants (hereinafter referred to as "the Parties") have agreed to settle the Federal Action and the State Action (collectively the "Litigation"), the terms of which are set forth in this Settlement Agreement.

## AGREEMENT

1.   Within three (3) days of Plaintiff providing Defendants with confirmation of the approval of this Settlement Agreement by the Probate Court, as described in paragraph 15 of this agreement, and execution of this Settlement agreement by the parties, Defendants shall pay the sum of Four Hundred Fifty Thousand Dollars ($450,000.00) payable to Kell, Alterman & Runstein, L.L.P. Lawyer Trust Account.  This payment shall be delivered to Dennis Steinman, Esq., 520 S.W. Yamhill Street, Suite 600, Portland, Oregon 97204.

2.   <u>Mutual Releases</u>.

   a.   As part of this Settlement Agreement, and in exchange for the consideration described in paragraph 1, above, Plaintiff does hereby release, acquit and forever discharge Defendants and the State of Oregon, and all those in interest with them, including their heirs, successors, trustees, administrators, assigns, officers, current and former employees, attorneys, insurers, agents and all other persons, firms, state or federal agencies, departments, institutions or corporations, (hereinafter referred to as "Released Parties"), of and from any and all claims raised in the Litigation, including but not limited to all demands, actions, suits, causes of action, obligations, controversies, debts, costs, attorney fees, expenses, all form of damages, losses, judgments, orders, liens and liabilities of any, every and whatever kind or nature, whether

in law, equity, or otherwise, whether based in contract, tort, statute, regulation, tariff, rule, indemnification, contribution, or any other theory of recovery, whether known or unknown, whether suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist or which hereafter shall or may exist, based on any facts, events, or omissions that in any manner or fashion relate to or arise out of Plaintiff's claims against the Released Parties in the Litigation. This includes any and all Plaintiff's damages, including any damages, injuries and claims that are not anticipated or that develop in the future, including those based on facts not currently known to Plaintiff relating to the subject matter of this Litigation. Plaintiff hereby expressly waives and relinquishes any and all rights under any law or statute to the contrary. It also includes any claim arising from the negotiation and execution of this Settlement Agreement, including fraud in the inducement.

        b.     Defendants hereby forever waive, release, acquit, forever discharge, and covenant not to sue Plaintiff, her successors, assigns, agents, and attorneys with regard to any and all claims, damages and injuries of whatever nature, whether known or unknown, that in any way relates to the subject matter of this litigation or Michael Clarence Hagen's incarceration in the Oregon Department of Corrections.

        3.     The Parties acknowledge that this Settlement Agreement is a voluntary and full settlement of the disputed complaints for the purpose of making a full compromise, adjustment and settlement of any and all claims of, or in any way, arising out of the filing of the above-referenced lawsuit. The Parties affirm that they have read and fully understand the terms set forth herein. No party has been coerced, intimidated, threatened or in any way forced to become a party to this Settlement Agreement.

        4.     Except as expressly admitted in Defendant Oregon Department of Corrections' Answer to Plaintiff's Second Amended Complaint in the State Action, it is fully understood, agreed and stipulated by the Parties that this settlement is by way of a compromise of a disputed claim and that payment herein is not to be construed as an admission of liability on the part of the Released Parties.

        5.     This Settlement Agreement is binding upon and enforceable against the Defendants, their employees, heirs, successors and assigns and all others in active concert with them in the operation of Oregon Department of Corrections.

        6.     No amendment to, modification of, or waiver of any provisions of this Settlement Agreement shall be effective unless: (a) all signatories or their successors to the Settlement Agreement agree in writing to the amendment, modification or waiver; and (b) the amendment, modification or waiver is in writing.

        7.     This Settlement Agreement contains the entire agreement between the Parties hereto and the terms of this agreement are contractual and not a mere recital. This Settlement Agreement shall be final and binding on the Parties and upon their respective heirs, representatives, executors, administrators, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, representatives, executors, administrators, successors and assigns.

8.  Plaintiff hereby acknowledges that in executing this Settlement Agreement she has not relied upon any representations or statements of Defendants, Defendants' attorneys or representatives regarding the subject, basis, or effect of this Settlement Agreement which is not expressly set forth herein. It is understood that Plaintiff has carefully reviewed this document, knows the contents thereof, and that it is fully understood and voluntarily accepted and that there is no other agreement, promise or inducement for this release.

9.  The Parties to this Settlement Agreement agree that no party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the payment described in paragraph 4, above, for tax purposes, and agree that no further payment of money from Released Parties will be due in the event that the payments or the release of the claims embodied in this Settlement Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any party. *The State of Oregon, as part of its reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099. The State of Oregon reserves the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.* Plaintiff agrees to defend, indemnify, and hold harmless Released Parties from any and all manner of liability if any should be imposed on Released Parties regarding the payment to Plaintiff under this Settlement Agreement specified above. Upon receipt of written notification from the State of Oregon that such liability has been imposed by the IRS, the Oregon Department of Revenue, or any other governmental authority and the amount thereof, Plaintiff agrees to fully remit such monies to the demanding entity within thirty (30) days from his receipt of such notification or upon any such terms as the demanding entity may permit. Plaintiff understands that she is solely responsible for the tax consequences of the payments outlined above in paragraph 1, above.

10. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim, known or unknown, arising out of the failure of Released Parties to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. § 1395y(b)(3)(A).

11. Should any person or entity not a party hereto challenge the validity of this Settlement Agreement, or any term thereof, pursue recovery of monies from the Released Parties or bring a claim or claims against the Released Parties arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to the injuries claimed in this action, Plaintiff shall provide to Released Parties such cooperation and assistance as Released Parties may reasonably request in order to resist such a challenge or defend such a claim and Plaintiff further agrees to defend, indemnify and hold the Released Parties harmless from any and all such claims of any nature.

12. Plaintiff acknowledges that all subrogation and lien claims arising out of contract or under state or federal law, including, but not limited to, subrogation or lien claims of Plaintiff's health care providers, insurance carriers (including PIP), state workers' compensation, attorneys, and any federal agency or programs such as Medicare, Medicaid, or Social Security, are the sole and separate obligation of Plaintiff which Plaintiff agrees to pay or otherwise resolve. Plaintiff further hereby covenants to defend, indemnify and hold harmless the Released

Parties from and against all such lien and subrogation claims brought against the Released Parties.

13.  If any of the provisions of this Settlement Agreement are declared or determined by any court to be illegal, invalid, or otherwise unenforceable, the remaining portions, terms and provisions shall nevertheless remain in full force and effect. In any action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to seek reasonable costs and attorney fees.

14.  Plaintiff agrees to dismissal of the Litigation with prejudice. Plaintiff further agrees to the following:

   a.  Plaintiff authorizes Defendants' attorney to execute a Stipulated General Judgment of Dismissal with Prejudice pursuant to ORCP 54A(1) as to all parties and without costs or attorney fees awarded to any party, with a copy of this Settlement Agreement pursuant to ORS 17.095(3), in the State Case.

   b.  Plaintiff authorizes Defendants' attorney to file a Notice of Settlement pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with a copy of this Settlement Agreement pursuant to ORS 17.095(3), in the Federal Case.

15.  Plaintiff agrees to obtain, at Plaintiff's expense, approval of the settlement by the Multnomah County Probate Court and acknowledges approval by the Probate Court as a condition precedent to Defendants' obligation to pay the settlement amount. Plaintiff further agrees to promptly provide Defendants with notice of the approval of the Probate Court.

DATED this 31st day of March, 2015

**PLAINTIFF:**

_/s/ Tiffany M Hagen_
Tiffany Hagen, Personal Representative for the
Estate of Michael Clarence Hagen

**ON BEHALF OF DEFENDANTS:**

ELLEN F. ROSENBLUM
Attorney General

By _/s/_
Andrew Hallman, Assistant Attorney General
Of Attorneys for Oregon Department
of Corrections and all individual Defendants
Named in the Federal Action and the State Action